**Caucci v. Chelsea Pocono Holdings LLC**

C.P. of Monroe County, no. 10776 Civil 2007.

*Scott M. Wilhelm,* for plaintiff.
*Charles Jay Bogdanoff,* for defendant Chelsea Pocono Holdings.
*Thomas P. Clark,* for defendants Robert J. Felins and F & F Paving.

MILLER, *J.,* June 23, 2010—On December 29, 2005, the plaintiff, Alfred Caucci, allegedly slipped and fell on patch of ice while exiting his 2004 Chevrolet Silverado pickup truck in the parking lot at the Crossings Outlet Stores in Tannersville, Pennsylvania. Defendants, Chelsea Pocono Holdings LLC and Chelsea Pocono Finance LLC are the owners and managers of the premises.

Plaintiff filed suit against the defendants on December 5, 2007, alleging a dangerous and defective condition on the property. He also alleges that the defendants, Robert J. Felins and F & F Paving Inc., were negligent in failing to maintain the subject property in a safe condition.

The defendants, Robert J. Felins and F & F Paving Inc., now move for summary judgment against plaintiff and defendants, Chelsea Pocono Holdings LLC and Chelsea Pocono Finance LLC.

Plaintiff does not oppose defendants' motion for summary judgment.

Pa.R.C.P. 1035.2 sets forth the criteria by which motions for summary judgment will be adjudicated. The Pennsylvania Rules of Civil Procedure provides that any party may move for summary judgment:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.

The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Drapeau v. Joy Technologies Inc.,* 447 Pa. Super. 560, 563, 670 A.2d 165, 167 (1996), *allocatur denied,* 546 Pa. 644, 683 A.2d 883 (1996). (citation omitted) Pa.R.C.P. 1035.2 permits a trial court to dismiss an action after the close of pleadings by summary judgment where no genuine issue of fact exists as to an element of a cause of action. *Wilson v. El-Daief,* 600 Pa. 161, 170-71, 964 A.2d 354, 359 (2009). The moving party has the burden of proving that no genuine issues of material fact exist. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979). The court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving

party. *Id.* at 204, 412 A.2d at 468-69. Thus, summary judgment is proper only when the entire record demonstrates that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Id.* Under Pa.R.C.P. 1035.2(b) the non-moving party may not rely solely on their pleadings, but must show sufficient evidence of an issue essential to the case in order to survive summary judgment. *Shepard v. Temple University,* 948 A.2d 852, 856 (Pa. Super. 2008).

In order to maintain a negligence action, plaintiffs must prove the following: (1) That the defendant had a duty to conform to a certain standard of conduct; (2) That defendant breached that duty; (3) A casual connection between the breach and the injury in question; and (4) Actual harm. *Grossman v. Barke,* 868 A.2d 561, 566 (Pa. Super. 2005).

Although the issue of negligence is a question for the jury, the mere occurrence of an accident does not establish a defendant's negligence. *Stong v. Commonwealth,* 817 A.2d 576, 584 (Pa. Commw. 2003).

Initially, we note that since plaintiff has not opposed the defendants' motion for summary judgment it shall be granted in favor of defendants and against plaintiff. However, the defendants, Chelsea Pocono Holdings LLC and Chelsea Pocono Finance LLC, (Chelsea) oppose defendants' summary judgment. Defendants contend that the motion for summary judgment is appropriate because Chelsea has failed to offer any evidence supporting its claim of negligence against it. In opposition, Chelsea contests the entry of summary judgment by arguing that material issues of fact exist. In viewing the record in a light most favorable to the nonmoving party, we find that Chelsea relies upon mere conclusions and has failed to

present any evidence to support its claim against defendants.

The parties engaged in discovery, including depositions of the parties. The uncontested facts show that on or about October 7, 2005, the defendants entered into a snow plowing agreement with Chelsea Pocono Finance LLC, (Chelsea Finance) which was in effect at the time the plaintiff slipped and fell on December 29, 2005. Pursuant to the agreement, F & F Paving Inc. would not begin snowplowing or snow removal unless specifically requested by Chelsea Finance. (Snow plowing agreement §1.1) Moreover, upon completion of the snow removal and snow-plowing work it was to be inspected by personnel on behalf of Chelsea Finance. (N.T. deposition—Smith, 4/21/2009 at pp. 26-28.) Defendants argue that they were not allowed to perform any sort of snow removal operations without the explicit authorization of Chelsea Finance. The evidence adduced at deposition indicates that the last time before plaintiffs fall that defendants were called for snow removal was December 16, 2005. (N.T. Smith 4/21/2009 at p. 31.) Thirteen days elapsed between the time that defendants were on site for snow removal and the time that plaintiff fell. Based upon this, defendants allege that they had no duty to perform any maintenance or owed any duty to the plaintiff at the time of his fall.

Chelsea does not contest that defendants were not requested and did not conduct any snowplowing between December 16, 2005 and January 1, 2006. Chelsea argues that although defendants did not perform snow removal during this 13-day interval, its personnel only performed spot checks upon completion of the snowplowing and defendants filed to remove all the snow as required. (N.T.

Smith 4/21/2009 at p. 31.) Chelsea alleges that the plaintiff fell because defendants failed to remove all snow on the asphalt causing melting and refreezing.

Mark Davies, operation manager for Chelsea, was deposed and stated that although the snow was not removed from the parking area surface, it was incumbent upon Chelsea to call defendants when snow removal was needed. (N.T. Deposition—Davies 10/20/2009 at p. 30.) He testified that he and his staff walk the center on a constant basis to perform what needed to be done to keep the snow and ice off of parking areas. (N.T. Davies 10/20/2009 at pp. 30-32.) A review of the depositions and the arguments submitted by the defendants and Chelsea established that defendants were not called to perform snow removal duties from December 16, 2005, until January 1, 2006. (N.T. Smith 4/21/2009 at p. 31.) Chelsea also argues that the supervisor for F & F Paving, John Smiley, admitted snow was not completely pushed off the parking area where the plaintiff allegedly fell. (N.T. deposition—Smiley 10/20/2009 at p. 13.) However, he also stated that it was over 13 days after F & F had plowed. (N.T. Smith 10/20/2009 p. 31.) Although Chelsea argues that F & F failed to remove the snow completely off the parking spaces where plaintiff fell and is therefore liable if plaintiff succeeds on his negligence action, it has failed to present sufficient evidence of this essential issue. Chelsea has not presented any evidence which places a material fact at issue. Moreover, they have presented no evidence that defendants had any duty towards plaintiff at the time of his fall.

After reviewing the record in the light most favorable to Chelsea, we will grant defendants' motion for summary judgment. The contract between the defendants and

Chelsea makes Chelsea responsible for contacting defendants for any snow removal. The testimony of Chelsea's operations manager indicates it was Chelsea's responsibility to inspect before defendants could leave the job site. The operations manager of Chelsea stated that he and his staff walk the center on a constant basis and perform what needs to be done to keep everything clear of snow and ice. Moreover, for 13 days Chelsea employees or representatives allegedly walked the site and failed to call defendants regarding any problems or request additional snow removal. We find there is simply no duty on defendants to perform any maintenance where they have not been called to do so under the contract. Accordingly, we will grant the defendants' motion for summary judgment here.

Based on the foregoing, we enter the following order:

### ORDER

And now, June 23, 2010, the motion for summary judgment of defendants, Robert J. Felins and F & F Paving Inc., against the plaintiff, Albert Caucci, and defendants, Chelsea Pocono Holding LLC and Chelsea Pocono Finance LLC, is granted.